J-S52035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BYRON GUDGER | : | |
| Appellant | : | No. 1630 EDA 2018 |

Appeal from the PCRA Order Entered May 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-00015374-2012

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: December 13, 2019

Byron Gudger appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Gudger's counsel has filed a **_Turner/Finley_**[1] brief and Petition for Permission to Withdraw as Counsel. We grant counsel leave to withdraw, and affirm the order of the PCRA court.

A jury convicted Gudger of possession with intent to deliver[2] for selling cocaine. Gudger failed to appear for his 2013 sentencing hearing, and the trial court sentenced him _in absentia_ to five to ten years' incarceration. Gudger did not file a direct appeal from his judgment of sentence, and fled from law

---

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

[2] 35 P.S. § 780-113(a)(30).

enforcement until 2016, when he was apprehended and began serving his sentence.

Gudger filed the instant PCRA petition, his first, on July 6, 2016. In the petition, Gudger claimed he was illegally sentenced to an unconstitutional mandatory minimum sentence, in contravention of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). He also claimed his trial counsel was ineffective in relation to his sentencing.

The court appointed counsel to represent Gudger. Counsel filed a *Turner/Finley* letter and motion to withdraw, and the court issued a Rule 907 notice of its intent to dismiss Gudger's petition without a hearing. *See* Pa.R.Crim.P. 907. Gudger filed a *pro se* response to the Rule 907 notice, which prompted counsel to withdraw his motion to withdraw and file an amended PCRA petition on Gudger's behalf. The amended petition asserted that Gudger should be granted relief pursuant to *Alleyne*.

The PCRA court issued a new Rule 907 notice of its intent to dismiss the PCRA petition without a hearing, and, after receiving a response from the Commonwealth, issued a third Rule 907 notice. The court thereafter dismissed the petition. In its Rule 1925(a) opinion, the PCRA court explained that it found Gudger's petition to be untimely, as "an *Alleyne* claim does not establish an exception to the time bar." PCRA Ct. Op., filed 11/20/18, at 1. The PCRA court also clarified that even if Gudger's petition had been timely, his illegal sentencing claim was without merit; the court had not imposed a mandatory minimum when sentencing Gudger, but an aggravated sentence based on

Gudger's failure to appear at sentencing. *Id.* at 2. Gudger filed a timely notice of appeal.

As stated above, Gudger's counsel has petitioned this Court for leave to withdraw. Counsel requesting to withdraw from PCRA representation must file a "no-merit" letter that conforms to the requirements of *Turner* and *Finley*. *Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa.Super. 2016). In the no-merit letter, counsel must "[detail] the nature and extent of counsel's diligent review of the case, [list] the issues which the petitioner wants to have reviewed, [explain] why and how those issues lack merit, and [request] permission to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner (1) a copy of the no-merit letter, (2) a copy of counsel's petition to withdraw, and (3) "a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* When counsel seeks to withdraw from appellate representation, the statement must advise the petitioner that he has the right to proceed *pro se* or through new counsel immediately upon counsel's request to withdraw. *Muzzy*, 141 A.3d at 512.

If counsel complies with the technical demands of *Turner/Finley*, then the court assessing the withdraw request will "conduct its own review of the merits of the case." *Wrecks*, 931 A.2d at 721. If the court does not find any meritorious claims, it will permit counsel to withdraw and deny PCRA relief. *Id.*

Here, counsel's Petition for Permission to Withdraw as Counsel, a copy of which counsel sent to Gudger, states counsel "has corresponded with [Gudger], has conferenced this case, reviewed the file, the *pro se* PCRA petition, the dockets, [and] the Lower Court Opinion and case law[.]" Petition for Permission to Withdraw as Counsel at 2, ¶ 5. Counsel styled his **Turner/Finley** no-merit letter as a brief. In the **Turner/Finley** brief, counsel outlines the procedural history of the case, discusses the issues raised by Gudger, and explains why counsel believes the issues lack merit. The cover letter that counsel sent to Gudger with the **Turner/Finley** brief advises Gudger that he has the right to represent himself *pro se* or retain private counsel, and that he may immediately raise any objections or issues before this Court. We conclude that counsel's withdraw request satisfies the technical requirements, and turn to an independent review of the case, noting that Gudger has not filed a response to counsel's no-merit letter and withdrawal request.

The timeliness of a PCRA petition is a jurisdictional prerequisite; if a petition fails to satisfy the statutory timeliness requirements, a PCRA court has no jurisdiction to grant relief. **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017). A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3). A petition filed after the one-year deadline may be deemed timely if one of three enumerated exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i-iii). If an exception applies, the petitioner must prove the petition was filed within 60 days of the earliest date it might have been filed. *Id.* at § 9545(b)(2).[3]

Here, Gudger's judgment of sentence became final 30 days after his 2013 sentencing, and his 2016 petition is therefore facially untimely. In order to be eligible for relief, Gudger's petition must qualify for a timeliness exception. We conclude no exception applies, and the petition is untimely.

Gudger has asserted that the court imposed a mandatory minimum sentence that is illegal under **Alleyne**, which was decided prior to the imposition of Gudger's sentence.[4] However, a court has no jurisdiction to entertain an illegal sentencing claim based on **Alleyne** when the claim is

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition from the date it first could have been filed. The amendment applies to claims presented after December 24, 2017, and thus does not apply to Gudger's 2016 petition.

[4] Gudger relatedly claims that his trial counsel was ineffective for failing to raise before the trial court the legality of his sentence under **Alleyne**.

raised in an untimely PCRA petition. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014); **cf. Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018). Regardless, even if Gudger had presented his **Alleyne** claim in a timely petition, no relief would be due. The court did not sentence Gudger to an illegal mandatory minimum, but imposed an aggravated sentence due to Gudger's failure to appear at sentencing. **See** N.T., Sentencing, 11/12/13, at 9.[5]

In his *pro se* response to the PCRA court's first Rule 907 notice, Gudger also raised the claim that his trial counsel was ineffective for failing to move for a continuance of Gudger's sentencing hearing, despite Gudger's repeated requests. *Pro se* Response, filed April 7, 2017, at 2. Gudger argued that because of this, his friends and family were unable to testify at sentencing on

_____

[5] The court stated at sentencing,

> [T]he justice system simply will fall apart if we can't get [the] defendant to honor the subpoena, particularly where I gave him a break by allowing him to be out on bail pending sentencing. Having heard me tell him that, I would give him the maximum available sentence if he didn't show. This decision tells me that there is no chance that he can adequately rebuild and that he can't make the right decision. It makes it that much more difficult in this room to get the benefit of the doubt between trial and sentencing. It's not only hurting himself, but a lot of people in this room are probably hurting as well.

> The sentence of this court is five to ten years incarceration. He is RRRI eligible and it becomes 50 months instead of 60. This is an aggravated revisited sentence in light of the fact that he failed to appear at sentencing. Even knowing that, doing so would mean the increase of several years of the sentence.

N.T at 8-9.

his behalf. *Id.* Gudger also alleged that trial counsel was ineffective for failing to file a direct appeal on his behalf. *Id.* Gudger asserted his petition was timely because although he did not file it until July 2016, he did not begin serving his sentence until January 2016, and he unsuccessfully attempted to file the petition within a week of his arrest. *Id.* at 2-3.

In essence, Gudger argues that his fugitive status tolled the period for filing his PCRA petition and delayed his discovery of his attorney's ineffectiveness. These assertions do not render Gudger's petition timely. First, by the plain terms of the PCRA, the operative date for the purposes of discerning the timeliness of a petition is the date the petitioner's judgment of sentence became final, not the date the petitioner began compliance with the court's sentencing order. *See* 42 Pa.C.S.A. § 9545(b)(3).

Second, a petitioner asserting an exception to the one-year time bar must act with due diligence in discovering and presenting his or her claims. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(2). We are guided by the "fugitive forfeiture rule," which provides that a defendant's fugitive status does not toll the filing period for post-trial motions or a notice of appeal. *See Commonwealth v. Judge*, 797 A.2d 250, 258 (Pa. 2002). If the defendant flees the court system, the court may dismiss the appeal, and if the fugitive returns, he "take[s] the system of criminal justice as he finds it upon his return: if time for filing has elapsed he may not file; if it has not, he may." *Id.*

(quoting **Commonwealth v. Deemer**, 705 A.2d 827, 829 (Pa. 1997));
**accord Commonwealth v. Adams**, 200 A.3d 944, 955 (Pa. 2019).[6]

Along these same lines, Gudger cannot assert he exercised due diligence in discovering the basis for his ineffectiveness claims or presenting those claims to the PCRA court. Gudger absconded from custody for several years, rather than investigating the basis for his claims and pursuing timely PCRA relief. Gudger must take the criminal justice system as he now finds it: years after his judgment of sentence has become final, and years after the alleged ineffectiveness underlying his claim occurred. Gudger has not acted with due diligence, but, "by absconding, has flagrantly and deliberately bypassed the entire judicial process." **Adams**, 200 A.3d at 954.

Our independent review of the record has not uncovered any meritorious argument supporting the timeliness of Gudger's petition. We therefore grant counsel's request to withdraw, and affirm the order of the PCRA court denying relief.

Order affirmed. Petition for Permission to Withdraw as Counsel granted.

_____

[6] As the Supreme Court stated,

> The fugitive forfeiture rule does not merely serve to ensure the orderly operation of the appellate process and ensure that the appellate court's judgment can be enforced; it also deters a defendant's flight or escape, encourages self-surrender as soon as possible, and furthers efficiencies in, and promotes the dignity of, appellate courts.

**Adams**, 200 A.3d at 953.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2019</u>